Filed 11/18/20  In re V.R. CA2/1

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION ONE

| | |
|---|---|
| In re V.R., a Person Coming Under the Juvenile Court Law. | B300527<br>(Los Angeles County<br>Super. Ct. No. PJ53358) |
| THE PEOPLE,<br><br>     Plaintiff and Respondent,<br><br>     v.<br><br>V.R.,<br><br>     Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Morton Rochman, Judge.  Dismissed in part and affirmed in part.

Holly Jackson, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Steven D. Matthews and Ryan M. Smith, Deputy Attorneys General, for Plaintiff and Respondent.

_____

A juvenile wardship petition (Welf. & Inst. Code, § 602) charged V.R. with criminal threats (Pen. Code, § 422, subd. (a)) and exhibiting a deadly weapon, a knife (Pen. Code, § 417, subd. (a)(1)).  Without prior notice to V.R., the juvenile court issued a temporary restraining order, protecting the alleged victim and a witness from V.R., and set the matter for a noticed hearing on a permanent restraining order.  At the noticed hearing, held prior to adjudication, the juvenile court issued a three-year restraining order against V.R., as to the alleged victim and the witness.  On appeal, V.R. challenges both orders, contending (1) the juvenile court erroneously issued the temporary restraining order without prior notice, and (2) insufficient evidence supports the permanent restraining order.  We dismiss the appeal from the temporary restraining order as moot and affirm the three-year restraining order.

## BACKGROUND

### I.    Testimony at Probable Cause/Detention Hearing

At an August 5, 2019 probable cause/detention hearing on the July 30, 2019 juvenile wardship petition against 14-year-old V.R., Los Angeles Police Department Officer Todd Krudis testified for the prosecution regarding the circumstances of the criminal threats and exhibiting a deadly weapon charges.  According to Officer Krudis's testimony, victim E.S., a minor, reported to Krudis that in the afternoon on July 28, 2019, he was standing on the sidewalk using his cell phone when two

2

individuals rode by him on bicycles and one of them grabbed his cell phone out of his hand. E.S. was scared. He went home and reported the incident to his adult brother L.S., who helped him track the cell phone using its Global Positioning System. L.S. drove E.S. to the cell phone's location, a park about a block away from where the alleged incident occurred. E.S. observed the two individuals and pointed them out to his brother. L.S. asked one of the individuals to return the cell phone to E.S. That individual—later identified as appellant V.R.—pulled out a gold and silver folding knife and said something like "you want some of this" and "I'll fuck up your day." The two individuals rode away on their bicycles, and E.S. and L.S. contacted the police.

Officer Krudis further testified that when he responded to the scene, E.S. "was very scared" for his and his brother's safety, and "he was still visibly shaken up about the incident." L.S. reported to Krudis that he believed the individual who threatened him with the knife "might either kill him or stab him with it." E.S. gave Krudis a description of the two suspects and their bicycles, and Krudis sent out a radio call with the descriptions.

Later the same day as the incidents, another officer detained someone about a quarter mile away from the park, based on the descriptions of the suspects and bicycles Officer Krudis provided in the radio call. That officer searched the suspect and recovered a gold folding knife. Officer Krudis went to the location. During his testimony at the probable cause/detention hearing, Officer Krudis identified V.R. as the person who was detained and in possession of the "extremely distinctive" gold folding knife. Krudis testified that V.R. told him (1) he was present with the other individual when that person

3

took the cell phone from E.S., and (2) he (V.R.) had friends in the MS-13 gang.

According to Officer Krudis, at a field show-up, E.S. identified V.R. as the person who pulled out the knife and made the threatening statements. E.S. told Krudis that another individual who was with V.R. during the incidents (but not at the field show-up) took the cell phone. L.S. initially did not identify V.R., but he positively identified the knife recovered from V.R.'s person. Thereafter, L.S. took a closer look and identified V.R. as the person who pulled out the knife and made the threatening statements.

After V.R.'s arrest, Krudis was present when another officer interviewed V.R.'s father. V.R.'s father stated that V.R. had "been in a lot of trouble and hanging out with gang members."[1]

At the August 5, 2019 hearing, the juvenile court found the prosecution satisfied its burden of showing probable cause to proceed on the July 30, 2019 juvenile wardship petition. The court also concluded V.R. should remain detained because he "pose[d] a danger to community safety."

## II.    Probation Officer's Report

As set forth in a probation officer's report, filed August 14, 2019, L.S. told the probation officer that E.S. "has lingering fear and . . . remains concerned for his safety." L.S. also stated that V.R. " 'took the feeling of security away from my brother [E.S.].' " L.S. added: " 'We have been going through hell. The fact that this guy pulled a knife on us.' " The probation officer concluded:

---

[1] The Detention Report, filed July 31, 2019, indicates "no prior gang membership" for V.R.

4

"The victim [E.S.] and the witness [L.S.] remain understandably traumatized.  The minor's [V.R.] actions changed the victim's day to day behaviors; the victim and witness have lost the feeling of security in their own neighborhood."

The probation officer also reported that due to safety concerns, L.S. wanted the juvenile court to issue a restraining order protecting E.S. and his family.  L.S. stated that a police officer informed him that V.R. "frequents" areas near the family's home.  The report also includes V.R.'s father's statement to officers that V.R. "hangs around with gang members."  During his interview with the probation officer, however, V.R.'s father denied making that statement.

## III.    Temporary and Permanent Restraining Orders

At a hearing on August 28, 2019, the juvenile court issued and served V.R. with a temporary restraining order, protecting E.S. and L.S.[2]  As set forth in the order, a noticed hearing was set for September 3, 2019 and the temporary restraining order was set to expire at the end of that hearing.

At the September 3, 2019 hearing, the prosecutor urged the juvenile court to issue a permanent restraining order based on Officer Krudis's testimony at the August 5, 2019 probable cause/detention hearing and the information in the August 14, 2019 probation report (summarized above).  Defense counsel asked the court to take the restraining order matter off calendar and leave the temporary restraining order in place until the disposition stage of the proceedings, or issue a stay-away order, arguing that issuance of a permanent restraining order "would

---

[2] The record before us does not include a reporter's transcript of the August 28, 2019 hearing.

basically mean the court's finding him guilty before [he] had a chance to go to trial." Defense counsel also argued there was no evidence indicating V.R. had seen E.S. and L.S. before the incidents or knew where they lived and "nothing to suggest a restraining order is necessary in this case." Defense counsel did not argue insufficient notice of the September 3, 2019 hearing or lack of opportunity to present evidence.

At the September 3, 2019 hearing, the juvenile court issued and served V.R. with a three-year restraining order, protecting E.S. and L.S., and ordering V.R. to stay 100 yards away and refrain from contacting them. V.R. timely appealed from the September 3, 2019 permanent restraining order.

## DISCUSSION

V.R. contends (1) the juvenile court erroneously issued the temporary restraining order without prior notice, and (2) insufficient evidence supports the permanent restraining order.

## I. V.R.'s Challenge to the Temporary Restraining Order is Moot

In the opening appellate brief, V.R.'s counsel acknowledges that V.R.'s challenge to the temporary restraining order based on inadequate notice is "likely" moot. Case law supports this position. (See *In re E.F.* (2020) 45 Cal.App.5th 216, 219 ["minor's challenge to the TRO is moot"]; citing *O'Kane v. Irvine* (1996) 47 Cal.App.4th 207, 210, fn. 4 ["appeal from the TRO, following the trial court's grant of the three-year restraining order, is moot. Accordingly, we dismiss [the] purported appeal from the TRO"]; *In re L.W.* (2020) 44 Cal.App.5th 44, 47, fn. 2 ["The appeal from the temporary restraining orders is technically moot because those orders terminated when the three-year restraining order was issued"].)

6

V.R.'s counsel urges us to exercise our discretion to address the contention that the juvenile court erroneously issued the temporary restraining order without prior notice, arguing that the issue is "of broad public interest and likely to recur."  Counsel is correct that where an appeal is moot, we may "nevertheless exercise our discretion to address appellant's claims because the issues to be decided are of important and continuing public interest and are likely to recur yet evade review." (*In re L.W.*, *supra*, 44 Cal.App.5th at p. 47, fn. 2.)  Here, however, we decline to exercise our discretion because the issue V.R. raises has not evaded review, as it has been addressed in published decisions. (See, e.g., *id.* at pp. 49-51 [juvenile court erroneously issued temporary restraining order without notice because the prosecution failed to satisfy the requirements for dispensing with notice under Code of Civil Procedure section 527; *In re E.F.*, *supra*, 45 Cal.App.5th at pp. 220-222 [juvenile court's issuance of temporary restraining order without notice was proper under Welfare and Institutions Code section 213.5, and conflicting and more general provisions regarding notice of temporary restraining orders in Code of Civil Procedure section 527 did not apply].)  Because V.R.'s challenge to the temporary restraining order is moot, and the issue does not warrant the exercise of our discretion as it has not evaded review, we decline to weigh in on the issue, and we dismiss V.R.'s appeal from the temporary restraining order.

## II.   Substantial Evidence Supports the Permanent Restraining Order

In reviewing a restraining order issued by a juvenile court, "appellate courts apply the substantial evidence standard to determine whether sufficient facts supported the factual findings

7

in support of a restraining order and the abuse of discretion standard to determine whether the court properly issued the order." (*In re Carlos H.* (2016) 5 Cal.App.5th 861, 866.) V.R. challenges the sufficiency of the evidence supporting the three-year restraining order against him.[3] "Under substantial evidence review, we 'interpret the facts in the light most favorable to the [order], indulge . . . all reasonable inferences in support of the trial court's order,' and do not reweigh the evidence." (*In re E.F.*, *supra*, 45 Cal.App.5th at p. 222.)

Under Welfare and Institutions Code section 213.5,[4] after a juvenile wardship petition has been filed under section 602, a juvenile court may issue an order enjoining the child from "disturbing the peace of any person the court finds to be at risk from the conduct of the child." (§ 213.5, subds. (b) & (d)(1).) Such a restraining order "shall remain in effect, in the discretion of the court, no more than three years, unless otherwise terminated by the court, extended by mutual consent of all parties to the restraining order, or extended by further order of the court on the motion of any party to the restraining order." (§ 213.5, subd. (d)(1).)

---

[3] To the extent V.R. challenges the sufficiency of the evidence supporting the temporary restraining order, that challenge is dismissed. As discussed above, an appeal from a temporary restraining order following a juvenile court's grant of a three-year restraining order is moot. (*In re E.F.*, *supra*, 45 Cal.App.5th at p. 219, citing *O'Kane v. Irvine, supra*, 47 Cal.App.4th at p. 210, fn. 4.)

[4] Further statutory references are to the Welfare and Institutions Code unless otherwise indicated.

As a threshold matter, we reject V.R.'s assertion that the juvenile court erroneously issued the three-year restraining order "in the pre-adjudication phase of the proceedings when untested hearsay evidence is the only source of information available to the court." As section 213.5 plainly states, the juvenile court may issue a three-year restraining order at any time after a juvenile wardship petition has been filed under section 602. (§ 213.5, subds. (b) & (d)(1).) The court need not wait until adjudication. Moreover, a juvenile court may "consider hearsay evidence in deciding whether to issue the restraining order." (*In re L.W.*, *supra*, 44 Cal.App.5th at p. 48, fn. 3.)

We also reject V.R.'s reliance on cases addressing the sufficiency of the evidence supporting restraining orders issued in criminal cases under Penal Code section 136.2 to support his assertion that a finding of past harm to the victim does not constitute substantial evidence supporting a permanent restraining order. (See, e.g., *Babalola v. Superior Court* (2011) 192 Cal.App.4th 948; *People v. Ponce* (2009) 173 Cal.App.4th 378.) Such orders under Penal Code section 136.2 " 'must be based on a finding of good cause to believe an attempt to intimidate or dissuade a victim or witness has occurred or is reasonably likely to occur. That finding may be based on the underlying charges and the circumstances surrounding the commission of the charged offenses, but a mere finding of past harm to the victim or witness is not sufficient.' [Citation.] Restraining orders issued in juvenile proceedings under section 213.5, however, require no such finding." (*In re L.W.*, *supra*, 44 Cal.App.5th at p. 52, quoting *Babalola*, at p. 964; see also *In re E.F.*, *supra*, 45 Cal.App.5th at p. 223 ["Unlike Penal Code section 136.2, section 213.5 does not require 'evidence of a reasonable

9

apprehension of future physical abuse' or potential harm as a predicate to the issuance of a restraining order"].)  For an order under section 213.5, " '[t]here need only be evidence that the [minor who is restrained] "disturbed the peace" of the protected child'—that is, that the minor engaged in ' " 'conduct that destroy[ed] the mental or emotional calm of the other party.' " ' " (*In re E.F.*, at pp. 222-223.)

Substantial evidence in the record set forth above demonstrates V.R. threatened E.S. and L.S. with a knife, and they no longer felt safe in their own neighborhood.[5]  The probation officer's report indicates V.R. frequented the neighborhood where E.S. and L.S. lived.  Accordingly, sufficient evidence supports the juvenile court's issuance of a permanent restraining order under section 213.5 because there is substantial evidence in the record that V.R. disturbed the peace of E.S. and L.S. in that V.R. engaged in conduct that destroyed the mental or emotional calm of E.S. and L.S.  (See *In re E.F.*, *supra*, 45 Cal.App.5th at pp. 222-223.)  We reject V.R.'s request that we reweigh the evidence or resolve conflicts in the evidence, as the substantial evidence standard of review precludes that, as discussed above.

---

[5] As set forth above, a juvenile court retains the authority to terminate a restraining order.  (§ 213.5, subd. (d)(1).)  Thus, if a juvenile court were to find the charges not true at adjudication based on additional evidence, the court could terminate the restraining order.

## DISPOSITION

The appeal from the August 28, 2019 restraining order is dismissed. The September 3, 2019 three-year restraining order is affirmed.

NOT TO BE PUBLISHED

CHANEY, J.

We concur:

BENDIX, Acting P. J.

FEDERMAN, J.[*]

---

[*] Judge of the San Luis Obispo Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.